Aponte Jiménez, Juez Ponente
*888 TEXTO COMPLETO DE LA RESOLUCION
La co-querellada-recurrente, Henry Motors, Inc. (H.M.), nos solicita que revisemos la determinación del Departamento de Asuntos del Consumidor (D.A.C.O.) que le ordenó indemnizar a la querellante-recurrida, Carol León Curbelo, en la cantidad de $1,500.00 por concepto de la reparación de ciertos defectos que mostraba un automóvil usado que ésta le compró a H.M. Examinados los alegatos de las partes, y por las razones que a continuación apuntamos, acordamos denegar el auto solicitado.
La querellante-recurrida, Carol León Curbelo, le compró a H.M. un automóvil Mitsubishi Mirage usado. Alrededor de cuatro meses después, un neumático del automóvil sufrió un reventón mientras lo conducía. Como resultado, acudió a un centro automotriz a solucionar el problema. Allí, luego de inspeccionar el vehículo, le indicaron que los "platos traseros" y el "compacto" del vehículo estaban doblados. Esa condición impedía que sus gomas se pudieran alinear correctamente. Ante esa situación, la querellante-recurrida le reclamó a H.M. la devolución del precio de compraventa. Señaló que no se le informó de esos defectos del automóvil al momento de la compraventa. De la resolución recurrida surge que aunque H.M. ofreció reparar el vehículo, la querellante-recurrida descartó esa alternativa e insistió en la resolución del contrato. Insatisfecha con el resultado de sus gestiones, presentó querella ante el D.A.C.O. Solicitó se decretara la resolución del contrato. Dos meses después de presentada la querella, un funcionario del D.A.C.O. inspeccionó el automóvil en cuestión. Observó, entre otros, que los "platos traseros" y el "compacto" estaban doblados, aparentemente por causa de un impacto. Estimó la reparación del vehículo en $1,500.00.
El Oficial Examinador del D.A.C.O., quien juzgó los méritos de la querella, concluyó que aun cuando hubo error en el consentimiento de la querellante porque no se le informó de las imperfecciones del vehículo al comprarlo, tal error no recayó sobre la sustancia de la cosa objeto de la compraventa. Siendo ello así, determinó que dicho error no vició el consentimiento. Concluyó que el contrato era válido y no procedía la resolución reclamada por la querellante-recurrida por no ser de aplicación el Art. 1218 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3405. No obstante, resolvió que H.M. fue negligente en el cumplimiento de sus obligaciones contractuales. Impuso responsabilidad a H.M. a la luz del Art. 1054 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3018, que le atribuye obligación por los daños y perjuicios causados al que incurra en dolo, negligencia y morosidad en el cumplimiento de las obligaciones. Determinó que H.M. le era responsable a la querellante-recurrida por haber sido negligente en el cumplimiento de sus obligaciones. Por tal razón, le ordenó a pagar a la querellante-recurrida, como indemnización, el estimado realizado por el perito del D.A.C.O. pará la reparación del automóvil. Dicha agencia adoptó el informe rendido. La querellada, H.M. solicitó reconsideración. El D.A.C.O. emitió resolución. Confirmó su dictamen original. El Oficial Examinador aclaró, sin embargo, que los defectos que presentaba el automóvil existían antes de efectuarse la compraventa. Inconforme, H.M. nos insta a revocar dicho dictamen por entender que el D.A.C.O. erró al imponer responsabilidad a H.M. puesto que no se probó que los defectos eran preexistentes al momento del accidente, o si fueron consecuencia del mismo. Además, nos señala que el D.A.C.O. incidió al determinar que H.M. fue negligente en el cumplimiento de sus obligaciones.
Así las cosas, emitimos resolución. Le concedimos veinte (20) días a la querellante-recurrida y al D.A.C.O. para que mostraran causa "[p]or la cual no debitamos] revocar el dictamen de la referida *889 agenda en cuanto impuso a los recurrentes el pago de $1,500 por daños y devolverle el caso a los fines de que con la intervención de las partes se proced[iera] a estimar la rebaja del precio pagado al vendedor por la compradora recurrida que a juicio de peritos le corresponda que le acredite por razón de los vicios ocultos en el vehículo vendido". La querellante-recurrida no ha comparecido. El D.A.C.O. oportunamente presentó su escrito en oposición. Hoy, resolvemos, en parte, según lo intimado.
Conforme los Arts. 1373 y 1374 del Código Civil de Puerto Rico, 31 L.P.R.A. secs. 3841-3842, el vendedor tiene una obligación de saneamiento para con el comprador por los vicios ocultos de la cosa vendida, siempre y cuando éstos hagan impropia la cosa vendida para el uso al que se le destina, o cuando disminuye de tal modo ese uso que de haberlos conocido el comprador no la habría adquirido o hubiese dado un menor precio por ella. El comprador dispone, pues, de dos opciones o cursos de acción: (1) desiste del contrato, lo que la doctrina científica conoce como acción redhibitoria, o (2) solicita una reducción al precio de venta proporcional por los vicios ocultos, mejor conocida como la acción quanti minoris o estimatoria. Art. 1375, Código Civil, 31 L.P.R.A. sec. 3843. Véase, además, Boyd v. Tribunal Superior, 101 D.P.R. 651, 656 (1973); Diez-Picazo y Gullón, Sistema de Derecho Civil, Vol. 2, 4ta. Ed., Tecnos, 1986, pág. 365.
En los casos en que se alega vicios ocultos en un vehículo de motor, la jurisprudencia de Puerto Rico, por su parte, exige que para el comprador poder desistir del contrato de compraventa, o sea para ejercer la acción redhibitoria que conlleva la resolución del contrato, debe probar que el automóvil que compró no funciona en forma normal y que el vendedor tuvo la oportunidad de corregir los defectos y no pudo, o no los corrigió. Ford Motor Co. v. Benet, 106 D.P.R. 232, 238 (1977); Ferrer v. General Motors Corp., 100 D.P.R. 246, 253 (1971). A su elección, también tiene la opción de acudir a la acción quanti minoris o estimatoria, con el consabido efecto de imponerle al vendedor la obligación de devolver el exceso del precio pagado que a juicio de peritos no hubiese pagado el comprador, de conocer los vicios ocultos al momento de la compraventa. Art. 1375, supra. En cuanto a la forma de estimar ese exceso del precio un comentarista nos ilustra. Según Gabriel García Cantero, en España "jijas sentencias del 13 de marzo de 1929 y 10 de junio de 1952 han aceptado como exceso de precio que debe restituirse la cantidad correspondiente al importe de las obras de reparación necesarias para dejar la cosa comprada en el estado que debió ser entregada por el vendedor". Gabriel García Cantero, Comentarios al Código Civil y Compilaciones Forales, Dirigidos por Manuel Albaladejo y Silvia Díaz Alabart, T.XIX, 2da. ed., Editorial Revista de Derecho Privado, pág. 379 (1991). Es decir, la medida para cuantificar el exceso del precio pagado puede ser el monto de las obras que se requieren al reparar la cosa para dejarla en el estado que debió estar al momento de comprarse. Por su objetivo práctico, adoptamos ese enfoque en atención a las circunstancias aquí presentes.
Convenido lo anterior, actuó correctamente el D.A.C.O., aunque por fundamentos distintos, al descartar la pretensión de la querellante-recurrida de desistir del contrato, resolverlo y exigir la devolución total del precio pagado. En cuanto a los daños, su dictamen concediéndolos ciertamente equivale, ante la situación factual de este caso, al estimado de reparación de los defectos del automóvil ajuicio de peritos como medida de los daños sufridos. Como ya señalamos, aceptamos el importe de las obras de reparación como medida adecuada y objetiva de la cantidad que debe rebajarse del precio y restituirse al comprador para compensar por los vicios ocultos en los casos que se reclame y proceda la acción estimatoria como en el caso de autos.
De otra parte, H.M. apunta como error la apreciación del D.A.C.O. referente a que el defecto del vehículo vendido a la querellante-recurrida no era preexistente como lo requiere la doctrina relacionada con las acciones por vicios ocultos. Sobre ese apuntamiento, el informe del Oficial Examinador del D.A.C.O. dejó meridianamente claro que, a la luz de la evidencia presentada, los mencionados defectos estaban presentes al momento de la compraventa. Dicha determinación goza de la deferencia que merecen las determinaciones de hechos de las agencias administrativas. La See. 4.5 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, (3 L.P.R.A. see. 2175), dispone que las determinaciones de hechos de los organismos administrativos serán sostenidas por los tribunales si se basan en evidencia sustancial obrante en el expediente administrativo. El referido precepto recoge "jija normativa jurisprudencial de que, de ordinario, los tribunales no intervendrán con las determinaciones de hechos de un organismo administrativo si las mismas están sostenidas por evidencia sustancial que surja del expediente administrativo considerado *890 en su totalidad". Metropolitana, S.E. v. A.R.P.E., 95 J.T.S. 39, a la pág. 767. Corresponde a la parte insatisfecha con la determinación de hecho de una agencia, o que entienda que alguna de éstas no está sostenida por evidencia sustancial, la obligación de demostrar que existe otra prueba en el expediente administrativo que reduzca o menoscabe el efecto de tal evidencia hasta el punto de que un tribunal no pueda razonablemente concluir que la aportada sea sustancial, o que la determinación del organismo administrativo está carente de prueba que la sostenga, o no se sustenta por una apreciación justa de la prueba. Véase, Hiltons Hotel v. Junta de Salario Mínimo, 14 D.P.R. 670, 686 (1974). Ajuicio nuestro, H.M. no nos ha puesto en condiciones de concluir que la determinación de hecho sobre la existencia de los defectos del automóvil antes de la compraventa no está sostenida por la totalidad de la prueba que obra en el expediente administrativo. Tampoco nos indica alguna otra evidencia en el récord que nos induzca a resolver que la apreciación de la prueba no fue una justa y razonable. No se cometió el error imputado.
Por último, atendemos el señalamiento de error relativo a si H.M. procedió o no negligentemente en el cumplimiento de sus obligaciones. Nuevamente no le asiste la razón al recurrente. La acción estimatoria no depende de si el vendedor actuó negligentemente. El derecho a ejercitar la misma surge de manera objetiva, o sea por la existencia de los vicios ocultos. No es relevante sí el vendedor conocía de ellos al momento de efectuarse la venta. La responsabilidad que emana de los vicios ocultos no se basa en la culpa del vendedor. García Cantero, ob. cit., pág. 369. Se trata más bien de imponer responsabilidad al vendedor por el hecho objetivo de su existencia. Albaladejo, Derecho Civil II, Derecho de Obligaciones, Vol. segundo, ed., Bosch, pág. 38, Compraventa: Obligaciones de las Partes, 1989.
Por los motivos que anteceden, y conscientes de que las revisiones se dan contra los dictámenes y no contra sus fundamentos, acordamos denegar el auto de revisión administrativa solicitado.
El señor Juez Segarra Olivero concurre con el resultado sin opinión escrita.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General